# United States Court of Appeals
## For the First Circuit

---

No. 07-1644

TIMOTHY L. LAFRENIER,

Plaintiff, Appellant,

v.

MARY ANNE KINIREY; DANIEL MORRISON; TOWN OF TOWNSEND,

Defendants, Appellees,

WILLIAM E. MAY,

Defendant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. F. Dennis Saylor IV, U.S. District Judge]

---

Before

Lynch, Chief Judge,
Torruella and Howard, Circuit Judges.

---

Sean J. Gallagher for appellant.
Joseph L. Tehan, Jr. with whom Jackie Cowin and Kopelman and Paige, P.C. were on brief for appellees.

---

December 16, 2008

---

**LYNCH**, **Chief Judge**.  Timothy LaFrenier appeals from the entry of summary judgment on his civil rights claims against the Town of Townsend, Massachusetts and two police officers.  The appeal raises again the familiar but erroneous claim that summary judgment may be defeated on an argument of mere disbelief of the moving party's evidence.

The claims arose from events midday on June 15, 2001 when Townsend police found LaFrenier sitting in his car, pulled over by the side of the road.  He was admittedly disoriented, confused, unresponsive, and uncooperative.  It turned out the cause of this was that LaFrenier was sick and on medications, but this was not known until after the key events which led to this case. A request from a responding officer, defendant Mary Anne Kinirey, to LaFrenier to step out of the car resulted in LaFrenier's struggling with two officers, Kinirey and Daniel Morrison.  This in turn led to criminal charges against him of assault and battery on two police officers, resisting arrest, and disorderly conduct. Ultimately the charges were either dismissed or resulted in LaFrenier's acquittal in March 2002.

More than two years later, LaFrenier brought suit in federal court asserting federal and state claims[1] against the defendants.

Defendants moved for summary judgment, offering evidence of the officers' version of the events. Plaintiff said he had no memory of the key events and so offered no contradictory evidence. He sought to forestall summary judgment on the basis that the officers' accounts of the events were not believable.

The court granted judgment on the merits, extensively discussing the facts in its thoughtful opinion. LaFrenier v. Kinirey, 478 F. Supp. 2d 126 (D. Mass. 2007). The court found it unnecessary to reach defendants' qualified immunity defenses. For our purposes, we merely summarize the court's conclusions. The court entered judgment on the wrongful arrest claims under both state and federal law finding there was probable cause to make an arrest for assault and battery on the officers, for resisting arrest, and for disorderly conduct.

---

[1] The pertinent allegations of the complaint are that (1) Officers Morrison and Kinirey violated 42 U.S.C. § 1983 by making a false arrest, by using excessive force, by failing to provide medical treatment, and by lodging and prosecuting false charges against LaFrenier; (2) all defendants violated LaFrenier's civil rights pursuant to Mass. Gen. Laws ch. 12, § 11I by force, intimidation, and violence; (3) the Town of Townsend violated Mass. Gen. Laws ch. 258, § 2 through its negligence; (4) Morrison and Kinirey committed assaults and batteries against LaFrenier; (5) Morrison and Kinirey committed a false arrest against LaFrenier; and (6) Morrison and Kinirey committed abuse of process against LaFrenier. LaFrenier asked for compensatory and punitive damages.

-3-

On the excessive force claim, the court concluded that it was undisputed that LaFrenier actively resisted arrest, that he attempted to flee, that he posed a risk to himself and to others, and that the force the officers used was not excessive.

On the medical treatment claim, the court concluded there was absolutely no evidence the officers were deliberately indifferent to LaFrenier's medical needs.

On the false prosecution charge against the two officers, the court concluded there was both probable cause for the arrest and no showing of improper motive. There was also no evidence to support the pendent state claims.

The appeal sounds a single key theme: that summary judgment could not be granted because LaFrenier is entitled to attack the credibility of the officers' testimony. As a matter of law this is incorrect. The Supreme Court held in <u>Anderson</u> v. <u>Liberty Lobby, Inc.</u>, 477 U.S. 242 (1986), that a plaintiff may not defeat summary judgment by merely asserting that the jury might, and legally could, disbelieve the defendant's denial. <u>See</u> <u>id.</u> at 252; <u>see</u> <u>also</u>, <u>e.g.</u>, <u>Sears, Roebuck & Co.</u> v. <u>Goldstone & Sudalter, P.C.</u>, 128 F.3d 10, 18 (1st Cir. 1997) ("A party cannot create an issue for the trier of fact 'by relying on the hope that the jury will not trust the credibility of witnesses.'" (quoting <u>Dragon</u> v. <u>R.I. Dep't of Mental Health, Retardation & Hosps.</u>, 936 F.2d 32, 35 (1st Cir. 1991))); <u>Moreau</u> v. <u>Local Union No. 247, Int'l Bhd. of</u>

<u>Firemen</u>, 851 F.2d 516, 519 (1st Cir. 1988); <u>Schoonejongen</u> v. <u>Curtiss-Wright Corp.</u>, 143 F.3d 120, 129-30 (3d Cir. 1998).

Here, LaFrenier agrees he has no affirmative evidence contrary to the defendants' evidence. He argues both that there are such inherent inconsistencies in the officers' testimony and that the officers' testimony is so inherently unbelievable as to allow him to get to a jury. This case does not present the limits of the viability of those assumptions because neither assumption is supported by the record.

We agree with the district court that there was nothing inherently unbelievable about either officer's testimony. For his claim of inconsistency, LaFrenier relies on the fact that one officer's police report did not provide a complete report of all of the events or all of the details of plaintiff's assault on her. However, a review of the officer's deposition testimony and the police report reveals that there are no inconsistencies between the two. The deposition testimony adds more details to the account contained in the police report, but nothing in those details is inconsistent. Further, the district court took these "omissions" into account and correctly concluded that nonetheless, on the version of the undisputed facts most favorable to LaFrenier, defendants were entitled to summary judgment. The court did not, as LaFrenier argues, presume the truth of the officers' accounts;

rather it looked to whether plaintiff had put material facts in dispute.

LaFrenier's last argument is that summary judgment must be denied based on the fact that the police officers were not "disinterested" witnesses. He bases this on a reading of certain language in Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133 (2000), which states:

> [T]he court should give credence to the evidence favoring the nonmovant as well as that "evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses."

Id. at 151 (quoting 9A C. Wright & A. Miller, Federal Practice & Procedure § 2529, at 300 (2d ed. 1995)). LaFrenier reads Reeves as precluding summary judgment where the movant relies on the testimony of interested witnesses. We have rejected that reading of Reeves in this circuit.[2] See Dennis v. Osram Sylvania, Inc., ___ F.3d ___, 2008 WL 5158868, at * 3 (1st Cir. Dec. 10, 2008) ("At summary judgment we need not exclude all interested testimony, specifically testimony that is uncontradicted by the nonmovant."); Ronda-Perez v. Banco Bilbao Vizcaya Argentaria-P.R., 404 F.3d 42, 45-46 (1st Cir. 2005) (refusing to accept argument that witnesses

---

[2] While the court did not reach the qualified immunity defense asserted by the defendants, we note that qualified immunity turns on assessing the situation from the point of view of an objectively reasonable officer and that defendants would be entitled to immunity in any event.

connected with the defendant should be "deemed unworthy of belief"). Other circuits have also rejected that reading. See, e.g., Lauren W. ex rel. Jean W. v. DeFlaminis, 480 F.3d 259, 271-72 (3d Cir. 2007); Luh v. J.M. Huber Corp., 211 F. App'x 143, 146 (4th Cir. 2006); Stratienko v. Cordis Corp., 429 F.3d 592, 597-98 (6th Cir. 2005). A similar rule is applied at trial. Quintana-Ruiz v. Hyundai Motor Corp., 303 F.3d 62, 76 (1st Cir. 2002) ("Juries . . . may reject uncontradicted, unimpeached testimony when it is improbable, inherently contradictory, riddled with omissions, or delivered in a manner giving rise to doubts. There must otherwise be some affirmative evidence in the record to put the witness's credibility in doubt." (citations omitted)).

Plaintiff's citation to Bazan v. Hidalgo County, 246 F.3d 481 (5th Cir. 2001), does not help. See id. at 491-93 (holding a genuine dispute over material facts existed where the only evidence came from the uncorroborated testimony of the defendant police officer, the sole survivor of a shooting, and where the record cast doubt on his credibility). The Fifth Circuit has applied its Bazan holding narrowly and refused to allow a nonmovant to defeat summary judgment where, as here, he or she "points to nothing in the summary judgment record that casts doubt on the veracity of the [witness's] version of the events." Aujla v. Hinds County, No. 01-60699, 2003 WL 1098839, at * 4 (5th Cir. Feb. 11, 2003).

We affirm the grant of summary judgment to defendants.